Attorney Grievance Commission of Maryland v. Natalie Thryphenia Collins, Misc. Docket AG No. 6, September Term, 2021

**ATTORNEY DISCIPLINE – SANCTIONS – INDEFINITE SUSPENSION –** This attorney grievance matter involves attorney who was subject of sixty-day definite suspension from practice of law in Maryland as result of unrelated disciplinary action. As result of information attorney alleged in petition for reinstatement and subsequent complaint, Bar Counsel filed new petition for disciplinary or remedial action against attorney. Bar Counsel dismissed allegations of misconduct in petition with respect to new complaint and proceeded on allegations in petition related to attorney's allegedly false statements in petition for reinstatement and failure to respond to Bar Counsel's requests for information concerning new complaint.

Although Court of Appeals determined that attorney violated Maryland Attorneys' Rules of Professional Conduct ("MARPC") 3.3(a)(1) (Candor Toward Tribunal), 8.1(a) (False Statement of Material Fact), 8.1(b) (Failing to Respond to Lawful Demand for Information), 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct that is Prejudicial to Administration of Justice), and 8.4(a) (Violating MARPC), Court concluded that, given nature of false statements at issue and developing caselaw, disbarment was not appropriate sanction. In numerous attorney disciplinary cases involving intentional dishonesty under MARPC 8.4(c) and knowingly made false statements under MARPC 3.3(a)(1) and 8.1(a), Court has not imposed sanction of disbarment and has not found pursuant to Attorney Grievance Comm'n v. Vanderlinde, 364 Md. 376, 773 A.2d 463 (2001), existence of compelling extenuating circumstances to be "root cause" of misconduct to warrant lesser sanction. Given this line of cases, Court expressly recognized that holding in Vanderlinde no longer exclusively sets standard for imposition of sanction in cases involving intentional dishonesty. Court of Appeals indefinitely suspended attorney from practice of law in Maryland.

Circuit Court for Baltimore City
Case No. 24-C-21-001838

Argued: January 11, 2022

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 6

September Term, 2021

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

NATALIE THRYPHENIA COLLINS

_____

Getty, C.J.
*McDonald
Watts
Hotten
Booth
Biran
Gould,

JJ.

_____

Opinion by Watts, J.

_____

Filed: February 25, 2022

*McDonald, J. now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled Pursuant to MD Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Natalie Thryphenia Collins, Respondent, a member of the Bar of Maryland, was admitted to the Bar in 1991 and from October 2019 to mid-June 2020 worked at a law firm on Ingleside Avenue in Baltimore, Maryland. On June 8, 2020, in an unrelated disciplinary matter, this Court suspended Collins from the practice of law in Maryland for sixty days, effective July 8, 2020, and ordered that she pay court costs. On September 10, 2020, Collins filed in this Court a petition for reinstatement pursuant to Maryland Rule 19-751 stating that she had complied with her obligations under former Maryland Rule 19-742 (now Maryland Rule 19-741) and the requirements and conditions of her suspension, and that to the best of her "knowledge, information, and belief" no complaints were pending against her. Between June 8, 2020, the effective date of her suspension, and September 10, 2020, the date that she filed the petition for reinstatement, Collins had not provided any information to Bar Counsel under Maryland Rule 19-742. In addition, Collins had not paid court costs.

On March 20, 2020, C.J. Irving filed a complaint against Collins with Bar Counsel. Irving had been a party to a child custody case in which Collins represented the children's other parent. Collins did not respond to requests from Bar Counsel for information during the investigation of the Irving complaint and represented in the petition for reinstatement that no complaints were pending against her.

On April 21, 2021, on behalf of the Attorney Grievance Commission, Petitioner, Bar Counsel filed a "Petition for Disciplinary or Remedial Action" against Collins, charging her with violating Maryland Attorneys' Rules of Professional Conduct ("MARPC") 3.3(a)(1) (Candor Toward the Tribunal), 4.1(a)(1) (False Statement to Third

Person), 8.1(a) (False Statement of Material Fact), 8.1(b) (Failing to Respond to Lawful Demand for Information), 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct that is Prejudicial to the Administration of Justice), and 8.4(a) (Violating the MARPC).[1]  The charges stemmed from two grounds.

First, based on the Irving complaint, Bar Counsel asserted that Collins engaged in misconduct during a telephone call with Irving.  Specifically, Bar Counsel alleged that on June 13, 2018, Irving, who was represented by counsel, filed in the Circuit Court for Baltimore County a complaint to modify custody against C. Davis, the father of her two minor daughters.  Collins entered her appearance as counsel for Davis and filed an answer and other papers on his behalf.  On May 9, 2019, the circuit court entered an emergency order for child access, returning the children to the primary physical custody of Davis and providing for Irving to have supervised access.  On October 23, 2019, the circuit court entered a consent order for temporary child access, providing Irving with visitation.  On November 6, 2019, the circuit court granted a motion by Irving's counsel to withdraw her appearance.  On January 22, 2020, the circuit court entered an order granting joint legal and physical custody of the children as specified.

According to the allegations in the petition, at some point after the January 22, 2020 award of custody, Collins telephoned Irving and "falsely identified" herself as calling from

---

[1]The MARPC previously were named the Maryland Lawyers' Rules of Professional Conduct, or MLRPC, and before that, were named the Maryland Rules of Professional Conduct, or MRPC.  Effective July 1, 2016, the MLRPC were renamed the MARPC and renumbered without substantive change.  Although prior cases reference the MRPC or MLRPC, for consistency, we use "MARPC" throughout the opinion.

an elementary school about an issue with one of Irving's children. Irving allegedly provided Collins with personal information, believing that she was speaking with a school employee, before Collins "confessed to being 'opposing counsel.'" Bar Counsel charged that Collins engaged in dishonest conduct because, in the telephone call with Irving, she allegedly initially identified herself as associated with Irving's child's school, but later acknowledged that she was Davis's attorney.

In the petition, Bar Counsel did not indicate that Irving's report of the telephone call had been corroborated in any way or refer to any investigation of Irving's complaint other than correspondence that Bar Counsel sent to Collins that went unanswered. Also, the petition did not indicate that there were any ongoing proceedings between Irving and Davis at the time of the alleged telephone call or provide any reason for the call. When the case was called for oral argument, in response to a question from this Court about the disposition of the Irving complaint, Senior Assistant Bar Counsel stated that the allegations in the petition concerning the Irving complaint were dismissed by Bar Counsel before the evidentiary hearing for "a number of reasons."[2]

---

[2]On the morning of the evidentiary hearing, before making an opening statement in the case, Assistant Bar Counsel advised:

> So before I provide a very brief opening, I just, for both [] Collins'[s] benefit and the Court's benefit, Petitioner is formally withdrawing all charges associated with [Collins]'s communication with the complainant, [] Irving [], including withdrawing the Petitioner's allegation that [] Collins violated [MARPC ]4.1. This was in Petitioner's pre-trial statement. But just so that everybody's on the same page.

(Paragraph break omitted).

In the petition, Bar Counsel asserted that Collins had failed to respond to correspondence sent to her requesting a response to the Irving complaint. Bar Counsel did not dismiss this aspect of the petition.

Next, in the petition, Bar Counsel alleged that, in a petition for reinstatement, signed under the penalties of perjury, Collins falsely represented that she had complied with the requirements of Maryland Rule 19-742, that she had satisfied the requirements and conditions of her suspension, and that, to the best of her "knowledge, information, and belief," she did not have any complaints or disciplinary proceedings pending against her.

On April 23, 2021, we designated the Honorable Julie R. Rubin ("the hearing judge") of the Circuit Court for Baltimore City to hear this attorney discipline proceeding. On July 2, 2021, Collins filed an answer to the petition. Bar Counsel filed notices of service of discovery material, stating that Bar Counsel had served Collins with interrogatories, a request for admission of fact and genuineness of documents, a request for production of documents, and a notice of deposition. On July 30, 2021, Bar Counsel filed a motion for sanctions and a motion to shorten time based on Collins's failure to respond to the request for production of documents and failure to appear at a properly noticed deposition. Collins did not respond to the motion. On August 18, 2021, the hearing judge granted in part and denied in part the motion for sanctions. The hearing judge precluded Collins from calling witnesses or presenting documents as evidence on her behalf at the disciplinary hearing and precluded Collins from testifying at the hearing except as to mitigation.[3]

---

[3]The hearing judge denied the motion to shorten time as moot.

- 4 -

On August 23, 2021, the hearing judge conducted a hearing, at which Bar Counsel introduced thirty exhibits into evidence.[4] Collins appeared at the hearing and testified as to mitigation. On September 14, 2021, the hearing judge issued an opinion including findings of fact and conclusions of law, concluding that Collins had violated MARPC 3.3(a)(1), 8.1(a), 8.1(b), 8.4(b), 8.4(c), 8.4(d), and 8.4(a). The hearing judge also found that Bar Counsel established the existence of numerous aggravating factors, and that Collins failed to establish the existence of any mitigating factors.

Oral argument in this Court was scheduled on January 11, 2022, and Collins failed to appear.[5] For the below reasons, we indefinitely suspend Collins from the practice of law in Maryland.

## BACKGROUND

The hearing judge found the following facts, which we summarize.

On June 20, 1991, this Court admitted Collins to the Bar of Maryland. From October 2019 to approximately June 15, 2020, Collins was employed by the Franklin Law Group. At all relevant times, Collins maintained the following contact information on file with Maryland's Attorney Information System ("AIS"): (1) a business address located at the Franklin Law Group on Ingleside Avenue; (2) a personal address located on St. Paul Street in Baltimore; (3) an alternative address of a P.O. Box in Towson; (4) a business e-

---

[4]Although Bar Counsel filed a motion for order of default, the hearing judge denied the motion because Collins had filed an answer to the petition, and Bar Counsel submitted a line withdrawing the motion for order of default. This is not a case in which a default judgment was entered against an attorney.

[5]Pursuant to the December 28, 2021 Eighth Administrative Order on Remote Oral Arguments, oral argument was scheduled to be held remotely via videoconferencing.

mail address at Franklin Law Group; and (5) a personal e-mail address at Yahoo.com. In January 2020, Collins used her personal Yahoo e-mail address to communicate with Bar Counsel about an unrelated disciplinary matter. Collins had used the P.O. Box to receive correspondence in the unrelated disciplinary matter. At the disciplinary hearing, Collins testified in mitigation that she maintained the Yahoo e-mail address until June 2020 and forwarded e-mails she received at that address to her work e-mail address at the Franklin Law Group.

**Bar Counsel's Communications with Collins Concerning the Irving Complaint**

On March 20, 2020, Irving filed a complaint against Collins with Bar Counsel. On March 31, 2020, Bar Counsel e-mailed Collins at her Yahoo address, attaching a copy of the complaint and a letter requesting a written response by April 21, 2020. Bar Counsel received an e-mail notification indicating that the March 31, 2020 e-mail had been delivered to Collins's inbox.

After receiving no response from Collins, on June 16, 2020, Bar Counsel wrote to Collins a second time requesting a response to the complaint. Bar Counsel sent the letter by first-class mail to Collins's business address at the Franklin Law Group on Ingleside Avenue and e-mailed a copy to her Yahoo address. Bar Counsel received an e-mail notification indicating that the e-mail had been delivered to Collins's inbox. Collins did not respond.

On August 5, 2020, Bar Counsel sent Collins a third letter requesting a response to the complaint. Bar Counsel mailed the letter to Collins's P.O. Box. Collins did not respond.

**Collins's Suspension from the Practice of Law and Petition for Reinstatement**

On June 8, 2020, in an unrelated disciplinary matter, Collins was suspended from the practice of law in Maryland for sixty days, effective July 8, 2020. As part of the opinion and order, Collins was ordered to "pay all costs as taxed by the Clerk of this Court, including costs of all transcripts, pursuant to Maryland Rule 19-709(d)" and judgment was entered in favor of the Commission against Collins. The hearing judge stated that "[t]he Clerk of the Court for the Maryland Court of Appeals assessed costs against [Collins] in the amount of $4,878.75." (Record citation omitted).

In a letter dated June 15, 2020, Bar Counsel advised Collins to review Maryland Rule 19-742 concerning her obligations subsequent to her suspension and stated that if Collins paid the judgment assessed against her by July 8, 2020, the Commission would not seek to collect interest on the judgment. Bar Counsel mailed the June 15, 2020 letter to Collins at the Franklin Law Group and the P.O. Box, and e-mailed a copy to her Yahoo address.

On September 10, 2020, Collins filed in this Court a petition for reinstatement pursuant to Maryland Rule 19-751. In the petition, Collins's signature block identified her mailing address as a location on St. Paul Street (different from her personal address on file with AIS) and her e-mail address as a Gmail address. Collins signed the petition, affirming under the penalties of perjury that the contents were true to the best of her knowledge, information, and belief. At the disciplinary hearing, while testifying in mitigation, Collins acknowledged that, prior to filing the petition, she reviewed Maryland Rules 19-751 and 19-742.

In the petition, Collins stated that she had complied with Maryland Rule 19-742, but the hearing judge found that Collins had not done so. Specifically, the hearing judge found that Collins failed to file an affidavit with Bar Counsel within thirty days after the effective date of the suspension for the purpose of providing information and documentation required by Maryland Rule 19-742(c)(3)(B) and that she failed to provide Bar Counsel with the names, addresses, and telephone numbers of all of her current clients within fifteen days after the effective date of the suspension, as required by Maryland Rule 19-742(c)(1)(B). The hearing judge found that Collins's statement regarding compliance with Maryland Rule 19-742 "was knowingly and intentionally false."

In addition, the hearing judge found that Collins "misrepresented that she had complied with 'all requirements and conditions specified in the suspension order[,]'" as Collins did not pay the judgment assessed against her in the "June 8 Opinion and Order." The hearing judge noted that at the disciplinary hearing, while testifying in mitigation, Collins advised that she did not pay the judgment because she could not afford it.

In the petition, Collins stated that, to the best of her "knowledge, information, and belief no[] complaints or disciplinary proceedings [were] currently pending against the attorney." The hearing judge found that this was a misrepresentation because, as of the date Collins filed the petition, she had received multiple forms of correspondence from Bar Counsel concerning Irving's then-pending complaint. The hearing judge found that Collins had actual notice of the Irving complaint at the time that she filed the petition and that "she knowingly and intentionally misrepresented to the Court of Appeals that there were no pending complaints against her."

On September 15, 2020, Bar Counsel e-mailed a letter to Collins at her Gmail address, attaching a copy of the Irving complaint and copies of Bar Counsel's correspondence to her from March 31, 2020, June 15, 2020, June 16, 2020, and August 5, 2020. Bar Counsel requested a response to the Irving complaint and advised Collins that, contrary to the representations she made in the petition for reinstatement, she had not provided Bar Counsel with the records required by Maryland Rule 19-742 and had not paid the costs assessed against her. Bar Counsel requested that Collins provide the information and documentation required by Maryland Rule 19-742 and an explanation for her statement in the petition for reinstatement that there were no pending complaints against her. Bar Counsel received an e-mail notification indicating that the e-mail had been delivered to Collins's inbox. Collins did not respond to Bar Counsel.

On the same day, Bar Counsel filed in this Court a motion for extension of time to respond to the petition for reinstatement, indicating that Collins failed to comply with Maryland Rule 19-742 and to pay the costs assessed against her, and that a complaint was pending against Collins. Bar Counsel sent a copy of the motion to Collins by e-mail to her Gmail address, by mail to the St. Paul Street address contained in the signature block in the petition, and via the Maryland Electronic Courts ("MDEC") system. The following day, September 16, 2020, this Court granted the motion.

On September 21, 2020, Bar Counsel e-mailed Collins at her Gmail address, providing her a copy of the September 15, 2020 letter and attachments, and requesting a response. Bar Counsel received an e-mail notification indicating that the e-mail had been delivered to Collins's inbox. Collins did not respond to Bar Counsel.

On October 1, 2020, Bar Counsel filed an objection to the petition for reinstatement, arguing that the petition should not be granted due to Collins's failure to comply with Maryland Rule 19-742, pay costs, and respond to the pending Irving complaint, and based on Collins's misrepresentations in the petition. Bar Counsel attached to the objection copies of correspondence from Bar Counsel to Collins and a copy of the Irving complaint. The copies were redacted to identify Irving as "C.I." Bar Counsel e-mailed the objection to Collins at her Gmail address and served it on her via the MDEC system.

On October 15, 2020, Collins filed a response to the objection. In the response, Collins stated that she did not receive Bar Counsel's September 15, 2020 correspondence. Collins also stated: "[T]he first time I am aware that a Complaint has been filed against me by C.I. is with the filing of the AGS's [sic] Objection." Collins stated: "I still cannot respond to the Complaint because the AGS's [sic] Exhibit is redacted and I cannot ascertain the Complainant." The hearing judge found these statements to be misrepresentations. The hearing judge stated that she "accord[ed] no credibility to, and d[id] not believe, the proposition that Collins received Bar Counsel's objection via e[-]mail [at her Gmail address] but did not receive Bar Counsel's other communications sent to the same e[-]mail address."

The following day, October 16, 2020, Bar Counsel e-mailed Collins at her Gmail address, providing her with an unredacted copy of the Irving complaint and requesting a response. Bar Counsel received an e-mail notification indicating that the e-mail had been delivered to Collins's inbox. On October 26, 2020, Bar Counsel received a letter from Collins dated October 22, 2020, responding to the Irving complaint. In the letter, Collins

stated that she "did not receive notice of an outstanding complaint against [her] until [she] read the Attorney Grievance Commission's response to" the petition for reinstatement. According to the hearing judge, Collins's statement was a knowing and intentional misrepresentation.

On October 21, 2020, this Court denied the petition for reinstatement. Collins remains suspended from the practice of law in Maryland.

## STANDARD OF REVIEW

We review a hearing judge's findings of fact under the clearly erroneous standard. See Md. R. 19-740(b)(2)(B); Attorney Grievance Comm'n v. Slate, 457 Md. 610, 626, 180 A.3d 134, 144 (2018). Where neither party excepts to any of the hearing judge's findings of fact, we "may treat the findings of fact as established." Md. R. 19-740(b)(2)(A). In an attorney discipline proceeding, we review without deference a hearing judge's conclusions of law. See Md. R. 19-740(b)(1). We determine whether clear and convincing evidence establishes that a lawyer violated an MARPC. See Md. R. 19-727(c).

## DISCUSSION

### (A) Findings of Fact and Conclusions of Law

Neither party excepts to the hearing judge's findings of fact or conclusions of law. We conclude, with one variation, that the hearing judge's findings of fact are not clearly erroneous. To the extent the hearing judge found that payment of the costs assessed against Collins in connection with her earlier disciplinary proceeding was a condition of reinstatement and that Collins misrepresented that she had complied with the condition, the record does not support the finding.

As to the hearing judge's conclusions of law, to which Collins has not excepted, upon our *de novo* view of the record, we conclude that Collins has indeed violated MARPC 3.3(a)(1), 8.1(a), and 8.4(c), but we do not sustain a violation of the MARPC based on Collins stating that she had complied with the conditions of her suspension when she had not paid court costs. Other than this, we determine that all of the hearing judge's conclusions that Collins violated MARPC 3.3(a)(1), 8.1(a), 8.1(b), 8.4(b), 8.4(c), 8.4(d), and 8.4(a) are supported by clear and convincing evidence.

**MARPC 3.3(a)(1) (Candor Toward the Tribunal), 8.1(a) (False Statement of Material Fact), and 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation)**

MARPC 3.3(a)(1) provides that "[a]n attorney shall not knowingly [] make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the attorney[.]" In Attorney Grievance Comm'n v. Steinhorn, 462 Md. 184, 197, 198 A.3d 821, 828 (2018), we stated that "[w]hat matters for purposes of finding an M[A]RPC 3.3(a)(1) violation is whether an attorney knows that the information he or she presents to the tribunal is incorrect." (Citation omitted).

MARPC 8.1(a) provides that "[a]n applicant for . . . reinstatement to the bar, or an attorney . . . in connection with a disciplinary matter, shall not[] knowingly make a false statement of material fact[.]" In Attorney Grievance Comm'n v. Page, 430 Md. 602, 634-35, 62 A.3d 163, 182-83 (2013), a case in which, among other things, an attorney was found to have knowingly made false statements of fact in a petition for reinstatement, we stated that we have held that MARPC "3.3 and 8.1 are violated when a lawyer makes an admission to a tribunal he or she knows is untrue and makes false statements to induce Bar

- 12 -

Counsel to believe the lawyer did not violate the M[A]RPC." (Citations omitted). In Page, id. at 633, 62 A.3d at 181, while the attorney was suspended from the practice of law, he continued to represent a client and filed a motion on her behalf in the trial court. Yet, in a petition for reinstatement, the attorney stated that he had abided by what is now Maryland Rule 19-741 and that he did not have any cases pending before any court. See id. at 633, 62 A.3d at 181.

MARPC 8.4(c) provides that "[i]t is professional misconduct for an attorney to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" In Steinhorn, 462 Md. at 198-99, 198 A.3d at 829, we observed that "[t]here is significant overlap between M[A]RPC 3.3(a)(1) and 8.4(c). Indeed, a lawyer that violates M[A]RPC 3.3(a) generally violates M[A]RPC 8.4(c) as well." (Cleaned up). In Attorney Grievance Comm'n v. Ambe, 466 Md. 270, 295, 297, 218 A.3d 757, 771-72 (2019), we concluded that an attorney's statements to Bar Counsel and the Immigration Court, which violated MARPC 3.3(a)(1) and 8.1(a), "also constitute[d] violations of MARPC []8.4(c), as they [were] misrepresentations."

In this case, the hearing judge did not clearly err in finding that Collins made knowing and intentional misrepresentations in the petition for reinstatement by stating that to the best of her knowledge no new disciplinary complaints were pending against her, and in her October 15, 2020 response to Bar Counsel's objection to her petition for reinstatement and October 22, 2020 letter to Bar Counsel, by stating in both that she did not know of the Irving complaint until receiving Bar Counsel's response to her petition for reinstatement, i.e., on more than one occasion, Collins falsely denied having knowledge of

the Irving complaint.

It is a far closer question as to whether Collins violated the charged MARPC by stating in the petition for reinstatement that she had complied with Maryland Rule 19-742 and the requirements and conditions of the suspension. We address first the hearing judge's finding that Collins falsely stated that she had complied with her obligations under Maryland Rule 19-742. The conclusion that Collins violated the MARPC by stating that she had complied with Maryland Rule 19-742 hinges on the hearing judge's finding of fact that Collins's statement regarding compliance with the Rule "was knowingly and intentionally false." Given the exhibits presented at the disciplinary hearing by Bar Counsel and Collins's testimony in mitigation, the hearing judge's finding with respect to Collins's state of mind is not clearly erroneous. At the disciplinary hearing, Collins testified:

> In mitigation, I have never, until June the 8th, ever been disciplined. And when I was disciplined, I took every effort not to violate the Court again. I thought I was doing right. I did not -- I am remorseful, but I did not fully read and understand the law that required me to file an affidavit. But I thought that at the time, that giving the cases and allowing the clients to agree to some other attorneys to handle the cases was sufficient. That I had adequately prepared, prepared and made sure that the two clients that I have privately at the time were taken care of and were not left hanging.
> In mitigation, it was not my intent to lie to the Court. In fact, I knew I had not filed the affidavit. And in reviewing in mitigation, you'll see that I did not say that I had filed an affidavit. Because I knew I had not filed the affidavit as required.

Although Collins's testimony in mitigation does not foreclose the possibility that she was, as she indicated, confused about the requirements of Maryland Rule 19-742 and of the opinion that she was not required to submit to Bar Counsel information under Maryland

- 14 -

Rule 19-742, Collins was precluded from giving testimony as to the merits in her own defense and the hearing judge's assessment of her mitigation testimony is not clearly erroneous.

Generally, though, where an attorney expresses an opinion about a matter and the opinion is wrong or the attorney's logic is faulty, that is not a ground for a finding of dishonesty or a finding that the attorney has made a false statement. See Attorney Grievance Comm'n v. Neverdon, 473 Md. 631, 699, 251 A.3d 1157, 1198 (2021) ("Where an attorney gives a response to Bar Counsel that is 'more a matter of opinion than fact[,]' we have concluded that the attorney's statement does not form the basis of a violation of MARPC 8.1(a)." (quoting Attorney Grievance Comm'n v. Sperling, 472 Md. 561, 608, 248 A.3d 224, 251 (2021) (alteration in original))). In determining whether to seek the Commission's authorization for the filing of a petition for disciplinary or remedial action alleging that an attorney has knowingly made a false statement in connection with a petition for reinstatement, Bar Counsel must be watchful for cases in which attorneys are doing nothing more than filing a petition for reinstatement and stating their views with respect to having satisfied all of the necessary prerequisites as opposed to attorneys who are knowingly making false statements in a petition for reinstatement.

In this case, the hearing judge's finding that Collins made knowingly false statements of material fact to this Court in the petition for reinstatement concerning compliance with Maryland Rule 19-742 is supported by the record. Maryland Rule 19-742(c)(1)(B) required that, within fifteen days after the effective date of the order of discipline, a suspended or disbarred attorney supply Bar Counsel with "(i) the names,

addresses, and telephone numbers of all of the attorney's current clients and (ii) identify, by client name, tribunal, and docket reference, all client matters pending in any court or other tribunal or agency[.]"[6]  Maryland Rule 19-742(c)(2)(B) required that, as soon as practicable but within thirty days after the effective date of the order of discipline, a suspended or disbarred attorney "inform current clients, in writing, that the client may obtain another attorney, and that it may be necessary for the client to obtain another attorney depending upon the status of the client's case or legal matter."[7]  And, Maryland Rule 19-742(c)(3)(B) required a suspended or disbarred attorney to file with Bar Counsel within thirty days of the effective date of the order of discipline an affidavit that stated or was accompanied by:

> (i) the manner and extent to which the attorney has complied with the order and this Rule;
>
> (ii) all actions taken by the attorney pursuant to subsection (c)(2)(A) and (B) of this Rule;
>
> (iii) the names of all State and Federal jurisdictions in which and administrative agencies before which the attorney has been admitted to practice;
>
> (iv) the residence and other addresses of the attorney to which future communications may be directed;
>
> (v) the name and address of each insurer that provided malpractice insurance coverage to the attorney during the past five years, the policy number on each policy, and the inclusive dates of coverage; and
>
> (vi) a copy of each letter sent pursuant to subsection (c)(2)(B) of this Rule.[8]

---

[6]This provision is now located at Maryland Rule 19-741(c)(1)(B).
[7]This provision is now located at Maryland Rule 19-741(c)(2)(B).
[8]This provision is now located at Maryland Rule 19-741(c)(3)(C).

There is no indication in the record that Collins complied with Maryland Rule 19-742(c)(3)(B) by submitting an affidavit to Bar Counsel. Although Collins had been precluded from presenting evidence in her defense, the hearing judge noted that, at the disciplinary hearing, Collins testified in mitigation that she knew she had not provided the affidavit required under Maryland Rule 19-742(c)(3)(B) but testified that she had not affirmatively stated in the petition that she had filed the affidavit. The hearing judge determined that this distinction was "immaterial[.]" The hearing judge found that Collins falsely stated in the petition that she had complied with Maryland Rule 19-742, despite knowing that she had not fulfilled the obligation under Maryland Rule 19-742(c)(3)(B) to file with Bar Counsel an affidavit describing the extent of her compliance with the Rule. Based on the exhibits admitted into evidence by Bar Counsel and Collins's testimony that she knew she had not provided Bar Counsel an affidavit under Maryland Rule 19-742, the hearing judge's conclusion that Collins's statement in the petition for reinstatement that she had complied with Maryland Rule 19-742 "was knowingly and intentionally false" and therefore a violation MARPC 3.3(a)(1) and 8.4(c) is supported by the record.

We decline, however, to uphold the hearing judge's determination that Collins made a misrepresentation in the petition for reinstatement by stating that she had complied with the requirements and conditions of the June 8, 2020 suspension order as the evidence does not establish that payment of the costs was a condition or requirement of reinstatement. On June 8, 2020, this Court issued an opinion concluding that Collins violated MARPC 1.1, 1.3, 1.4, 3.4(d), 8.4(a), and 8.4(d) and suspending her from the practice of law for sixty days. See Attorney Grievance Comm'n v. Collins, 469 Md. 134, 149, 153, 229 A.3d 171,

- 17 -

180, 182 (2020). In the opinion, in imposing the sanction, we stated that "[a] 60-day suspension under these circumstances is appropriate. The suspension shall begin 30 days after the date on which this opinion is filed." Id. at 153, 229 A.3d at 182. There were no terms or conditions of suspension specified in the opinion. In the mandate, as is customary in attorney disciplinary cases, and in most cases resolved by this Court with a written opinion, costs were assessed. In Collins's case, the mandate stated: "It is so ordered; Respondent shall pay all costs as taxed by the Clerk of this Court, including costs of all transcripts, pursuant to Maryland Rule 19-709(d) for which sum judgment is entered in favor of the Attorney Grievance Commission against Natalie Thryphenia Collins." Id. at 153-54, 229 A.3d at 182 (bolding and some capitalization omitted). No separate order was issued by the Court concerning the costs and the opinion did not condition Collins's reinstatement on payment in full of the costs.

The hearing judge found that, at the disciplinary hearing, Collins admitted that, at the time she filed the petition for reinstatement, she knew she had not paid the court costs assessed against her. In mitigation, as the hearing judge noted, Collins testified that she failed to pay the costs assessed against her because she could not afford to do so at the time. In addition, however, Collins testified: "I didn't pay the Attorney Grievance Commission's, but I did not take that as having to comply with the Suspension Order." In her opinion, the hearing judge did not address whether the payment of costs was indeed a requirement or condition of Collins's suspension or whether at the time that she filed the petition for reinstatement Collins, in fact, believed the payment of costs to be a requirement or condition of her suspension and had nonetheless filed the petition falsely stating that she

- 18 -

had fulfilled the condition. It appears that the hearing judge implicitly accepted Bar Counsel's representation that payment of the costs was a condition or requirement of Collins's suspension.

Maryland Rule 19-752, the Rule applicable to attorneys who have been disbarred, suspended indefinitely, or suspended for a fixed period longer than six months and are seeking reinstatement, sets forth criteria for reinstatement in section (h). Maryland Rule 19-752(h)(2) provides that the "Court may order reinstatement if the attorney meets each of the following criteria or presents sufficient reasons why reinstatement should be ordered in the absence of satisfaction of one or more of those criteria[.]" One criterion set forth in (h)(2)(H) is that

> the attorney has complied with all financial obligations required by these Rules or by court order, including (i) reimbursement of all amounts due to the attorney's former clients, (ii) payment of restitution which, by court order, is due to the attorney's former clients or any other person, (iii) reimbursement of the Client Protection Fund for all claims that arose out of the attorney's practice of law and satisfaction of all judgments arising out of such claims, and (iv) payment of all costs assessed by court order or otherwise required by law.

Maryland Rule 19-751, applicable to attorneys like Collins, who have been suspended for a fixed period of time not exceeding six months and who seek reinstatement, contains no such provision.[9] In short, although the hearing judge's finding that Collins did not pay the

_____

[9]Maryland Rule 19-709(d), the provision referenced in the mandate of the June 8, 2020 opinion suspending Collins from the practice of law for sixty days, provides: "Costs of proceedings under this Chapter, including the costs of all transcripts, shall be assessed by the Clerk of the Court of Appeals and included in the order as a judgment. On motion, the Court may review the action of the Clerk." Maryland Rule 19-709(c), concerning costs related to reinstatement proceedings, provides that "[i]n proceedings for reinstatement

costs assessed against her is accurate, the evidence does not show that Collins's reinstatement was conditioned on payment of the costs or that payment of the costs was a requirement or condition of the June 8, 2020 opinion suspending Collins. Accordingly, we do not sustain a violation of the MARPC on this ground.

Next, in concluding that Collins violated the MARPC, the hearing judge found that Collins falsely stated in the petition that to the best of her "knowledge, information, and belief" there were no disciplinary complaints pending against her, despite Bar Counsel's correspondence to her on numerous occasions concerning the Irving complaint. This aspect of the hearing judge's conclusions of law is easily supported by clear and convincing evidence. The hearing judge's findings of fact and the record show that, as of September 10, 2020, the date that Collins filed the petition, Bar Counsel had sent Collins multiple letters and e-mails concerning the Irving complaint. On March 20, 2020, Irving filed the complaint against Collins with Bar Counsel. Over the course of more than four months, before Collins filed the petition for reinstatement, Bar Counsel sent Collins three letters about the complaint—on March 31, 2020, June 16, 2020, and August 5, 2020. In the objection to the petition for reinstatement, which was admitted into evidence at the

---

under Rules 19-751 or 19-752, the attorney shall pay all court costs and costs of investigation and other proceedings on the petition, including the costs of physical and mental examinations, transcripts, and other reasonable expenditures necessary to evaluate the petition." Neither provision requires that the costs assessed and included in the order as a judgment pursuant to Maryland Rule 19-709(d) be paid by an attorney as a condition of reinstatement or otherwise indicates that an attorney must pay the judgment before seeking reinstatement. Where a suspension of less than six months is involved, each case must be reviewed individually to determine whether the payment of costs is a condition of the suspension.

disciplinary hearing, Bar Counsel outlined and attached as exhibits the various correspondence sent to Collins with respect to the Irving complaint both before and after the petition for reinstatement was filed—on March 31, 2020, June 16, 2020, August 5, 2020, September 15, 2020, and September 21, 2020.

On March 31, 2020, Bar Counsel sent a letter to Collins at her Yahoo e-mail address, the personal e-mail address on file with AIS, attaching a copy of the Irving complaint and requesting a written response by April 21, 2020. The letter was addressed to Collins at the Franklin Law Group and stated that it was sent by e-mail only to Collins at her Yahoo e-mail address. The letter advised that Bar Counsel was making a preliminary inquiry into the Irving complaint. Bar Counsel received a confirmation that the e-mail had been delivered to Collins's Yahoo e-mail address stating the following: "Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server: [Collins's Yahoo e-mail address]." (Paragraph break omitted).

In response to Bar Counsel's objection, Collins stated that she did not receive the March 31, 2020 letter from Bar Counsel that was sent to her employer's address, and advised that she worked from home, not in the office, from March 20, 2020 through June 20, 2020 due to the COVID-19 pandemic. In so stating, Collins apparently overlooked that the March 31, 2020 letter, although addressed to her at the Franklin Law Group, states that it was sent "VIA EMAIL ONLY" to Collins's Yahoo e-mail address.

On June 16, 2020, Bar Counsel sent Collins a second letter, enclosing a copy of the Irving complaint as well as the March 31, 2020 correspondence, and requested a written response by June 30, 2020. In the letter, Bar Counsel stated that if Collins failed to respond

by that date, Bar Counsel might docket the complaint for investigation without a response. The letter was sent by first-class mail to Collins at the Franklin Law Group, her business mailing address on file with AIS, and e-mailed to Collins at her Yahoo e-mail address. Bar Counsel received the same notification indicating that the June 16, 2020 e-mail had been delivered to Collins at her Yahoo e-mail address.

On August 5, 2020, Bar Counsel wrote to Collins and advised that the Irving complaint had been docketed for investigation, enclosed a copy of the complaint, and requested a written response by August 24, 2020.[10] The letter was sent to Collins at her P.O. Box in Towson, the alternative mailing address on file with AIS.

The hearing judge determined that Collins received Bar Counsel's correspondence concerning the Irving complaint, "that she had actual notice and knowledge of its pendency at the time of her petition, and that her sworn misrepresentation to the contrary was knowing and intentional." The hearing judge specifically found that Collins received Bar Counsel's e-mails of March 31, 2020 and June 16, 2020 that were sent to Collins's Yahoo e-mail address. The hearing judge noted that, at the disciplinary hearing, Collins testified in mitigation that she maintained the Yahoo address until June 2020 and forwarded e-mails from that address to her work e-mail address. The hearing judge apparently determined that Bar Counsel's receipt of e-mail notifications indicating that the e-mails were delivered,

---

[10]Pursuant to Maryland Rule 19-711(d)(1), generally, once a complaint is docketed, "Bar Counsel shall complete an investigation within 120 days after docketing the complaint." "Upon written request by Bar Counsel and a finding of good cause by the Commission, the Commission may grant an extension for a specified period." Md. R. 19-711(d)(2)(A).

along with Collins's acknowledged use of the Yahoo e-mail address, provided a sufficient basis on which to find that Collins received the e-mails and would have been aware of their content. In the absence of any other evidence, this was a reasonable inference for the hearing judge to make.

It would be reasonable to infer that an attorney in Collins's position, who identified the Yahoo address on file with AIS as her personal e-mail address and who had used the Yahoo address to communicate with Bar Counsel just months earlier (in January 2020) in an unrelated disciplinary matter, would pay attention to messages delivered to that inbox, particularly messages from Bar Counsel. The hearing judge's conclusion that Collins violated MARPC 3.3(a)(1) and 8.4(c) by knowingly making a false statement in the petition for reinstatement that there were no pending disciplinary complaints against her is supported by clear and convincing evidence.

The hearing judge also found that Collins knowingly made false statements of fact in the response to Bar Counsel's objection to the petition for reinstatement and her letter of October 22, 2020 to Bar Counsel by stating that she did not receive Bar Counsel's correspondence of September 15, 2020, and that she only became aware of the Irving complaint when Bar Counsel's objection was filed. The record reflects that, on September 15, 2020, Bar Counsel sent a letter to Collins at the e-mail address that Collins had identified in the petition for reinstatement—namely, her Gmail address. Bar Counsel enclosed copies of the March 31, 2020, June 16, 2020, and August 5, 2020 correspondence to Collins concerning the Irving complaint and requested that she explain her statement in the petition that there were no pending complaints against her. In addition, on September

21, 2020, Bar Counsel sent an e-mail to Collins at her Gmail address attaching a copy of the September 15, 2020 correspondence and requested a response as soon as possible.[11]

With each of the e-mail deliveries to Collins, first to her Yahoo address and then to her Gmail address, Bar Counsel received a receipt stating that delivery to the recipient was complete, but no delivery notification was sent by the destination server. In the absence of evidence to the contrary, it was reasonable for the hearing judge to infer that Bar Counsel's receipt of e-mails stating that the deliveries were complete, rather than that they were undeliverable or returned, meant that Collins had received the e-mail messages. Based on the evidence, the hearing judge's conclusion that Collins made false statements in the response to Bar Counsel's objection, in violation of MARPC 3.3(a)(1) and 8.4(c), and in the October 22, 2020 letter to Bar Counsel, in violation of MARPC 8.1(a) and 8.4(c), by stating that she had not received notice of the pending Irving complaint until she received Bar Counsel's objection to the petition for reinstatement is supported by clear and convincing evidence.

**MARPC 8.1(b) (Failing to Respond to Lawful Demand for Information)**

MARPC 8.1(b) provides:

An applicant for . . . reinstatement to the bar, or an attorney . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from a[] disciplinary authority, except that this Rule

---

[11]Also on September 21, 2020, Bar Counsel sent via FedEx overnight delivery to Collins at the St. Paul Street address that she had identified as her mailing address in the petition for reinstatement a letter enclosing the September 15, 2020 correspondence and requesting that Collins provide the requested information and documentation as soon as possible. Delivery was attempted on September 22, 23, 24, 25, 28, and 29, 2020. In the response, Collins stated that she was unaware of any FedEx delivery or attempted delivery between September 22 and 29, 2020.

- 24 -

does not require disclosure of information otherwise protected by [MARPC] 1.6[].

An attorney violates MARPC 8.1(b) by failing to respond to Bar Counsel's lawful requests for information and documentation. See Attorney Grievance Comm'n v. Hensley, 467 Md. 669, 686, 226 A.3d 41, 51 (2020); see also Attorney Grievance Comm'n v. Gracey, 448 Md. 1, 26-27, 136 A.3d 798, 813-14 (2016) (We concluded that an attorney violated MARPC 8.1(b) where the attorney "failed to timely respond to the initial complaint and failed to provide copies of the client file for the [clients] and trust account records.").

In this case, between March and September 2020, Bar Counsel sent five lawful requests for information to Collins on March 31, 2020, June 16, 2020, August 5, 2020, September 15, 2020, and September 21, 2020, and Collins failed to respond to any of the requests. The record supports the hearing judge's conclusion that Collins, in fact, received the requests and knowingly failed to respond to Bar Counsel in violation of MARPC 8.1(b).

**MARPC 8.4(b) (Criminal Act)**

"It is professional misconduct for an attorney to . . . commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as an attorney in other respects[.]" MARPC 8.4(b). To establish a violation of MARPC 8.4(b), "Bar Counsel must prove two elements by clear and convincing evidence: (1) [the attorney] committed a criminal act; and (2) that criminal act reflects adversely on [the attorney's] honesty, trustworthiness or fitness as a lawyer in other respects." Attorney Grievance Comm'n v. Katz, 443 Md. 389, 403, 116 A.3d 999, 1007 (2015) (citations omitted). "We have consistently held that so long as there is clear and convincing evidence of facts

constituting a criminal offense, there need not be a criminal conviction in order to find that an attorney violated M[A]RPC 8.4(b)." Id. at 403, 116 A.3d at 1008 (cleaned up).

Under Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) ("CR") § 9-101(a), it is a criminal offense to willfully and falsely make a false oath or affirmation as to a material fact.[12]  A person who violates CR § 9-101(a) "is guilty of the misdemeanor of perjury[.]" CR § 9-101(b).  We have explained that, "[t]o be willful, the false oath must be deliberate and not the result of surprise, confusion or bona fide mistake." Furda v. State, 421 Md. 332, 353, 26 A.3d 918, 930 (2011), cert. denied, 566 U.S. 991 (2012) (cleaned up).[13]

Although Collins was not charged with perjury, clear and convincing evidence demonstrates that Collins committed the criminal offense by affirming under the penalties

_____

[12]CR § 9-101(a) provides:

A person may not willfully and falsely make an oath or affirmation as to a material fact:

    (1) if the false swearing is perjury at common law;

    (2) in an affidavit required by any state, federal, or local law;

    (3) in an affidavit made to include a court or officer to pass an account or claim;

    (4) in an affidavit required by any state, federal, or local government or governmental official with legal authority to require the issuance of an affidavit; or

    (5) in an affidavit or affirmation made under the Maryland Rules.

[13]The criminal pattern jury instruction for perjury by affidavit, i.e., deliberately making a false affidavit, provides that to convict the defendant of perjury by affidavit, the State must prove, among other things, "that the defendant provided the false information willfully, that is, intentionally, rather than as a result of confusion or reasonable mistake[.]" MPJI-Cr 4:26.1.

of perjury that the content of the petition for reinstatement was true to the best of her knowledge, information, and belief. Arguably, Collins's affirmation under the penalties of perjury, *i.e.*, the false oath, may have been provided as a result of confusion or mistake and not willfully done. However, as Collins was precluded from testifying at the disciplinary hearing except as to mitigation, based on the exhibits admitted into evidence, the hearing judge's findings that Collins's "statements were false when made and she knew they were false when made[,]" are not clearly erroneous. As such, clear and convincing evidence supports the hearing judge's conclusion that Collins violated MARPC 8.4(b) by committing a criminal act that reflects adversely on her honesty and trustworthiness.

**MARPC 8.4(d) (Conduct that is Prejudicial to the Administration of Justice)**

"It is professional misconduct for an attorney to . . . engage in conduct that is prejudicial to the administration of justice[.]" MARPC 8.4(d). "Generally, a lawyer violates M[A]RPC 8.4(d) where the lawyer's conduct would negatively impact the perception of the legal profession of a reasonable member of the public." Slate, 457 Md. at 645, 180 A.3d at 155 (cleaned up).

Clear and convincing evidence supports the hearing judge's conclusion that Collins violated MARPC 8.4(d). Collins's conduct, including knowingly making false statements of fact in connection with the petition for reinstatement and her failure to respond to Bar Counsel's lawful requests for information, would negatively impact the perception of the legal profession of a reasonable member of the public.

**MARPC 8.4(a) (Violating the MARPC)**

"It is professional misconduct for an attorney to[] violate . . . the" MARPC.

MARPC 8.4(a). Clear and convincing evidence supports the hearing judge's conclusion that Collins violated MARPC 8.4(a). As discussed above, Collins violated MARPC 3.3(a)(1), 8.1(a), 8.1(b), 8.4(b), 8.4(c), and 8.4(d).

**(B) Sanction**

Bar Counsel recommends that we disbar Collins, who has not filed a recommendation for sanction.

In Slate, 457 Md. at 646-47, 180 A.3d at 155-56, we stated:

This Court sanctions a lawyer not to punish the lawyer, but instead to protect the public and the public's confidence in the legal profession. This Court accomplishes these goals by: (1) deterring other lawyers from engaging in similar misconduct; and (2) suspending or disbarring a lawyer who is unfit to continue to practice law.

In determining an appropriate sanction for a lawyer's misconduct, this Court considers: (1) the M[A]RPC that the lawyer violated; (2) the lawyer's mental state; (3) the injury that the lawyer's misconduct caused or could have caused; and (4) aggravating factors and/or mitigating factors.

Aggravating factors include: (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the M[A]RPC; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

Mitigating factors include: (1) the absence of prior attorney discipline; (2) the absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to make restitution or to rectify the misconduct's consequences; (5) full and free disclosure to Bar Counsel or a cooperative attitude toward the attorney discipline proceeding; (6) inexperience in the practice of law; (7) character or reputation; (8) a physical

- 28 -

disability; (9) a mental disability or chemical dependency, including alcoholism or drug abuse, where: (a) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; (b) the chemical dependency or mental disability caused the misconduct; (c) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (d) the recovery arrested the misconduct, and the misconduct's recurrence is unlikely; (10) delay in the attorney discipline proceeding; (11) the imposition of other penalties or sanctions; (12) remorse; (13) remoteness of prior violations of the M[A]RPC; and (14) unlikelihood of repetition of the misconduct.

(Cleaned up).

## Aggravating and Mitigating Factors

In this case, in addition to the violations of the MARPC, the hearing judge found that the evidence established six aggravating factors: prior attorney discipline, a dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary process, substantial experience in the practice of law, and illegal conduct. These determinations are supported by the record. Collins plainly had a history of prior attorney discipline and made dishonest and false statements in the petition for reinstatement, her response to Bar Counsel's objection, and the October 22, 2020 letter to Bar Counsel while seeking reinstatement. During Bar Counsel's investigation of the Irving complaint, Collins knowingly and intentionally failed to respond to five separate requests for information.[14]

---

[14]In addition, the hearing judge found that, during this attorney disciplinary matter, Collins "continued to fail to cooperate," as shown by her failure to respond to the request for production of documents and her failure to appear at deposition. In Attorney Grievance Comm'n v. Young, 473 Md. 94, 129, 248 A.3d 996, 1016 (2021), we stated that the aggravating factor of bad faith obstruction of the attorney discipline proceeding has been found "when attorneys knowingly failed to respond to Bar Counsel's requests for documents, attend evidentiary hearings, submit written responses, or otherwise fail to

- 29 -

In addition, Collins has been admitted to the Bar of Maryland since 1991. And, as the hearing judge found, Collins committed perjury by affirming under the penalty of perjury that the content of the petition for reinstatement was true "when she knew at the time that her affirmation was materially false."

As to mitigating factors, the hearing judge found that Collins failed to prove any mitigation by a preponderance of the evidence. For instance, although Collins testified that she believed she had done what was necessary by passing on her two existing clients to another attorney, the hearing judge stated that she did not find Collins's testimony credible or persuasive on any recognized mitigating factor. Collins did not file any exception to the hearing judge's findings of fact. Accordingly, there is no basis on which to determine that any mitigating factors are present.

### The Vanderlinde Standard

In determining the appropriate sanction in this case, we begin by looking at the seminal case of Attorney Grievance Comm'n v. Vanderlinde, 364 Md. 376, 773 A.2d 463

---

comply with the rules or lawful directives of the AGC." (Cleaned up). In Attorney Grievance Comm'n v. Allenbaugh, 450 Md. 250, 280, 148 A.3d 300, 318 (2016), we determined that an attorney's misconduct was aggravated by bad faith obstruction of the disciplinary proceeding, stating that the attorney "failed to respond to [a] complaint when forwarded by Bar Counsel during the investigation in the instant case, failed to attend two scheduled appointments with Bar Counsel's investigator, and failed to respond to discovery requests by Bar Counsel."

In this case, although we note the aggravating factor of bad faith obstruction of the disciplinary process, we point out that, due to Collins's failure to respond to discovery, Bar Counsel moved for sanctions, and the hearing judge sanctioned Collins by precluding her from presenting evidence at the disciplinary hearing except testimony in mitigation. This ruling, while appropriate, effectively prevented Collins from presenting any evidence as to her state of mind for purposes of a defense to the allegations in the petition. In this case, Collins has already been sanctioned for obstruction of the proceedings.

(2001), which established the standard for determining the sanction in cases of dishonest

conduct. In Vanderlinde, the attorney admitted having violated MARPC 8.4(a), (b), and

(c) and the undisputed facts demonstrated:

> The [attorney], over a period of time, while working outside of the profession of law, took (embezzled, stole, misappropriated) $3,880.67 from her employer, King's Contrivance Community Association (Association). She used the money for her own purposes. The thefts continued even after she had given her employer notice that she would be resigning to accept a legal position with a law firm. She had replaced the monies by the time of the cessation of her employment, and her thefts initially remained undetected by her employer.

Id. at 381, 773 A.2d at 465-66. In defense, the attorney asserted that "the pressures of her

life" and mental health issues, including periods of depression, mitigated against

disbarment. Id. at 381, 773 A.2d at 466.

In Vanderlinde, id. at 389-418, 773 A.2d at 471-88, we discussed the history of

disciplinary matters concerning dishonest conduct dating back to 1957, and identified cases

involving sanctions ranging from suspension to disbarment. We observed that in some

instances we had stated that disbarment was the appropriate sanction for intentional

dishonest conduct absent compelling extenuating circumstances. See id. at 413, 773 A.2d

at 485. After engaging in this review, we held:

> [I]n cases of intentional dishonesty, misappropriation cases, fraud, stealing, serious criminal conduct and the like, we will not accept, as "compelling extenuating circumstances," anything less than the most serious and utterly debilitating mental or physical health conditions, arising from any source that is the "root cause" of the misconduct and that also result in an attorney's utter inability to conform his or her conduct in accordance with the law and with the M[A]RPC. Only if the circumstances are that compelling, will we even consider imposing less than the most severe sanction of disbarment in cases of stealing, dishonesty, fraudulent conduct, the intentional misappropriation of funds or other serious criminal conduct, whether occurring in the practice

- 31 -

of law, or otherwise.

Id. at 413-14, 773 A.2d at 485 (emphasis omitted).  We explained that we will generally

accept a hearing judge's findings concerning the existence and effect of certain mental

conditions, but "the question of whether such findings are 'compelling extenuating

circumstances,' justifying a lesser sanction in cases of dishonesty, deceit, fraud, intentional

misappropriation, stealing, and the like, are for this Court to answer."  Id. at 414, 773 A.2d

at 485.  We stated that our "position . . . is intended to apply to cases involving dishonesty,

stealing, intentional misappropriation, fraud, serious criminal offenses, and the like; it is

not intended to restrict consideration of alcoholism, mental impairments, and the like in

other situations."  Id. at 414, 773 A.2d at 485-86.

We concluded that, under these standards, the circumstances of the case were "not

so compelling."  Id. at 414, 773 A.2d at 485.  The evidence demonstrated that, although

the attorney "had personal problems, some of which were severe, there [was] little evidence

that she was not able to handle the every day economic affairs of the life to which she had,

in a manner of speaking, descended."  Id. at 415, 773 A.2d at 486.  We stated that the

attorney's "mental problems did not affect her ability to be a competent, and, for a period,

successful thief."  Id. at 415, 773 A.2d at 486.

We stated that, in attorney disciplinary matters:

[W]e will not in the future attempt to distinguish between degrees of
intentional dishonesty based upon convictions, testimonials or other factors.
Unlike matters relating to competency, diligence and the like, intentional
dishonest conduct is closely entwined with the most important matters of
basic character to such a degree as to make intentional dishonest conduct by
a lawyer almost beyond excuse.  Honesty and dishonesty are, or are not,
present in an attorney's character.

Id. at 418, 773 A.2d at 488. We stated that "[d]isbarment ordinarily should be the sanction for intentional dishonest conduct." Id. at 418, 773 A.2d at 488. We explained that, when considering cases in which an attorney's misconduct relates to honesty, especially in cases "where there is any type of theft or intentional misappropriation of funds or other serious criminal conduct," a "root cause" standard applies:

> [T]here . . . needs to be almost conclusive, and essentially uncontroverted evidence that would support a hearing judge's finding not only that the attorney had a serious and debilitating mental condition, but that the mental condition, in a sustained fashion, affected the ability of the attorney in normal day to day activities, such that the attorney was unable to accomplish the least of those activities in a normal fashion. Unless that standard is met the impairment is not "the root cause" of the misconduct.
>
> The mere fact that an attorney steals or commits other serious criminal conduct, coupled only with evidence of mental impairment, whether arising out of alcoholism or out of other factors, that does not arise to the level we have mentioned above, generally will not be sufficient to establish that degree of mental incompetency that warrants a lesser sanction than the sanction that is otherwise appropriate for such misconduct involving stealing, intentional misappropriation of the funds of another, and the like, or other serious criminal conduct.

Id. at 418-19, 773 A.2d at 488. In Vanderlinde, applying the principles above, we concluded that disbarment was the appropriate sanction for the attorney's misconduct. See id. at 419, 773 A.2d at 488.

Over the years, the standard announced in Vanderlinde has been relied upon in numerous cases resulting in a sanction of disbarment.[15] Recently, in Attorney Grievance

---

[15]A lineage of cases followed Vanderlinde in which the sanction of disbarment was imposed. See, e.g., Attorney Grievance Comm'n v. Cassilly, 476 Md. 309, 262 A.3d 272 (2021); Attorney Grievance Comm'n v. Sanderson, 465 Md. 1, 213 A.3d 122 (2019); Attorney Grievance Comm'n v. Smith, 457 Md. 159, 177 A.3d 640 (2018); Attorney

Comm'n v. Miller, 467 Md. 176, 183, 238, 223 A.3d 976, 980, 1012 (2020), we disbarred an attorney who violated MARPC 1.3, 1.4(a) and (b), 1.5(a), 8.1(a) and (b), and 8.4(a), (b), and (c). In violation of MARPC 8.1(a) and 8.4(c), the attorney misrepresented to Bar Counsel that she had provided a client with monthly invoices, provided a modified retainer agreement to Bar Counsel, and submitted a falsified timesheet to Bar Counsel; and, significantly, the attorney misrepresented the status of adoption proceedings to the client by consistently misrepresenting that she had filed an adoption petition when, in fact, she had not. See id. at 219-23, 223 A.3d at 1001-03. There were text messages between the attorney and the client in which the client repeatedly asked about a hearing date for the adoption and the attorney indicated that she was waiting to obtain a hearing date from the court, and the attorney represented to the client that she had visited the clerk's office to inquire about the status of the case. See id. at 222, 223 A.3d at 1002-03.

In considering the appropriate sanction, we noted two mitigating factors—character and reputation and lack of a prior disciplinary record. See id. at 225, 223 A.3d at 1004. The attorney argued that post-traumatic stress disorder ("PTSD") "was the underlying cause of her misconduct and that the hearing judge erred by not finding her PTSD a factor in mitigation" and urged "this Court to expand the standard previously announced in *Vanderlinde*, to encompass mental health disorders that cause only temporary debilitation."

---

Grievance Comm'n v. Moody, 457 Md. 90, 175 A.3d 811 (2017); Attorney Grievance Comm'n v. Cocco, 442 Md. 1, 109 A.3d 1176 (2015); Attorney Grievance Comm'n v. Davy, 435 Md. 674, 80 A.3d 322 (2013); Attorney Grievance Comm'n v. Keiner, 421 Md. 492, 27 A.3d 153 (2011); Attorney Grievance Comm'n v. Coppola, 419 Md. 370, 19 A.3d 431 (2011); Attorney Grievance Comm'n v. Gisriel, 409 Md. 331, 974 A.2d 331 (2009); Attorney Grievance Comm'n v. Cherry-Mahoi, 388 Md. 124, 879 A.2d 58 (2005).

<u>Miller</u>, 467 Md. at 227, 223 A.3d at 1005 (citation omitted).

We concluded that the <u>Vanderlinde</u> standard was implicated by the attorney's "intentionally dishonest conduct—through both her misrepresentations to her client and to Bar Counsel[,]" and concluded that her PTSD was not a mitigating factor because it failed "to meet the 'root cause' standard prom[ulg]ated in *Vanderlinde* and its progeny." <u>Miller</u>, 467 Md. at 228-29, 223 A.3d at 1006-07 (citation omitted). We concluded that the attorney's alleged mitigating factor fell short of the <u>Vanderlinde</u> standard and we declined to expand the standard. See <u>Miller</u>, 467 Md. at 231-33, 223 A.3d at 1008-09. In determining that disbarment was the appropriate sanction, we reiterated that, under <u>Vanderlinde</u>, "in the absence of compelling extenuating mitigation, disbarment is the appropriate sanction in order to protect the public and the public's confidence in the legal system." <u>Miller</u>, 467 Md. at 238, 223 A.3d at 1012 (cleaned up).

**Other Relevant Case Law**

Despite the standards announced in <u>Vanderlinde</u> and recently repeated in <u>Miller</u>, there have been an increasing number of cases involving intentional dishonesty in which we have not imposed the sanction of disbarment. These are examples that illustrate the occurrence. In <u>Attorney Grievance Comm'n v. Sperling</u>, 432 Md. 471, 495, 498, 69 A.3d 478, 492, 494 (2013), we indefinitely suspended an attorney who violated MARPC 1.1, 1.2(a), 1.3, 1.4(a) and (b), 3.3(a), 8.4(a), 8.4(c), and 8.4(d). In <u>Sperling</u>, after a client's case was dismissed on two occasions, the attorney failed to inform the client of the dismissals and, nearly eight years later, after the client inquired into the status of the case, the attorney advised the client that the case was still active and that a court clerk was working on it.

See id. at 475-76, 69 A.3d at 480. The attorney had failed to immediately file a motion to reopen the case after dismissal and failed to research whether there was a way to avoid the running of the statute of limitations or whether there was a basis to argue that the statute of limitations had not tolled. See id. at 491, 69 A.3d at 489. Less than two months after the client inquired about the status of the case, the attorney's law office filed a motion to reopen the case and, a few weeks after that, filed a supplemental motion to reopen the case, and both motions were denied. See id. at 476-77, 69 A.3d at 480-81.

The attorney made material misrepresentations to the trial court by advising that he had contacted the clerk's office several times to inquire about the status of the case when he had not done so. See id. at 491, 69 A.3d at 490. The attorney submitted affidavits to the trial court repeating the misrepresentations. See id. at 492, 69 A.3d at 490. The hearing judge found that the attorney made the misrepresentations to the trial court in an attempt to mislead the court into granting the motions to reopen. See id. at 492, 69 A.3d at 490. We found several aggravating factors, including a dishonest or selfish motive because the attorney lied to the trial court "in an effort to 'place blame on others and thereby convince the Court to re-open the matter[,]'" a pattern of misconduct because he lied multiple times to both the trial court and the client, submission of false evidence because he falsely testified during an evidentiary hearing, and refusal to acknowledge the wrongful nature of the misconduct because he "continuously downplayed the significance of his misrepresentations to the court and his client and the effect of such conduct on the integrity of the legal profession." Id. at 496-97, 69 A.3d at 492-93. Although we recognized that "the sanction for dishonest conduct is generally disbarment," we observed that we had not

"always found disbarment to be the appropriate sanction when there is misrepresentation involved, especially when misappropriation of money is not involved." Id. at 497, 69 A.3d at 493 (cleaned up). We concluded that an indefinite suspension was the appropriate sanction for the attorney's misconduct. See id. at 498, 69 A.3d at 494.

In Attorney Grievance Comm'n v. Shapiro, 441 Md. 367, 382-94, 408, 108 A.3d 394, 403-10, 418 (2015), we indefinitely suspended an attorney who violated MARPC 1.2(a), 1.3, 1.4, 1.8(a), 1.16(a), 8.4(a), 8.4(c), and 8.4(d). In Shapiro, the attorney concealed from a client the status of a medical malpractice case for five years by leading the client to believe that the case was active when the case had been dismissed by the Health Claims Arbitration Office because the attorney failed to file a Certificate of Merit. See id. at 376, 108 A.3d at 399-400. By the time the claim was dismissed, the statute of limitations for the action had run. See id. at 376, 108 A.3d at 399. The attorney failed to inform the client of the dismissal or the expiration of the limitations period and instead led the client to believe that the case was still active. See id. at 376, 108 A.3d at 399-400. At one point, the attorney advised the client that the case had been settled when no settlement had occurred. See id. at 376, 108 A.3d at 400. After the client filed a complaint, the attorney entered into a settlement agreement with the client, personally agreeing to pay an amount that he purportedly believed the client would have received if the case had resulted in a settlement. See id. at 377, 108 A.3d at 400. With respect to the attorney's violation of MARPC 8.4(c), we stated: "Direct misrepresentations, such as the one that [the attorney] in this matter made to [the client] when he led her to believe that her case was still active, violate M[A]RPC 8.4(c). . . . [The attorney] continued to misrepresent the status of [the

- 37 -

client]'s case to her for approximately five years." Id. at 394, 108 A.3d at 410.

In determining the appropriate sanction, we compared the attorney's misconduct to that of the attorney in Sperling, 432 Md. 471, 69 A.3d 478, explaining that, although the attorney also violated MARPC 1.8 (Conflict of Interest), "his misrepresentations to [the client] were for a shorter period of time than those in *Sperling*; he made no misrepresentations to a court; and has not attempted to downplay the significance of his violations." Shapiro, 441 Md. at 398, 108 A.3d at 412. We observed that the attorney's misrepresentations "related to one client and one case" and that his settlement with the client, "although handled improperly, indicated a willingness to attain some sort of restitution." Id. at 399, 108 A.3d at 413. We stated that "generally,"

> we tend to favor disbarment when attorneys' misrepresentations and deceitful actions are committed against multiple clients, are paired with violations of the rules pertaining to the proper handling of client or third party money or property, or are joined with a large number of other violations (whether of the M[A]RPC or the Maryland Code).

Id. at 399-400, 108 A.3d at 413. We observed that, "[w]hen an attorney's misrepresentations are paired with violations of the M[A]RPC provisions regarding financial or other property matters, the sanction is most often disbarment." Id. at 401, 108 A.3d at 414.

On the topic of "mitigating factors and extenuating circumstances," we stated that the hearing judge found that the attorney had offered "very little in the way of mitigation, other than his own testimony that he has faithfully complied with the terms of his settlement agreement with" the client. Id. at 406, 108 A.3d at 417. We determined that the attorney's misconduct was aggravated by, among other things, previous attorney discipline in the

form of a Commission reprimand, a pattern of misconduct, multiple violations of the MARPC, and substantial experience in the practice of law. See id. at 407-08, 108 A.3d at 417-18. In the end, we stated: "Bearing all of the foregoing analysis in mind, we conclude ultimately that [the attorney]'s misconduct warrants the sanction of an indefinite suspension." Id. at 408, 108 A.3d at 418.

In Attorney Grievance Comm'n v. Hecht, 459 Md. 133, 148-55, 158, 184 A.3d 429, 438-42, 444 (2018), we indefinitely suspended, with the right to petition for reinstatement after twelve months, an attorney who violated MARPC 1.1, 1.3, 1.4(a) and (b), 1.16(a) and (d), 3.2, 3.4(d), 4.1, 5.5(a) and (b), 8.1(a), 8.4(a), 8.4(b), 8.4(c), and 8.4(d). The attorney undertook "representation of a client but was then suspended from the practice of law due to an unrelated matter[,]" and "[w]hile representing the client, the attorney failed to communicate to his client that he was suspended, made misrepresentations to the client about his suspension, continued to render legal assistance on behalf of the client, and made misrepresentations to Bar Counsel during the investigation." Id. at 137, 184 A.3d at 431-32. The attorney violated MARPC 8.1(a) by knowingly and intentionally attempting to deceive Bar Counsel by submitting an affidavit in which he stated that he e-mailed his clients, giving them notice of his suspension, falsely testifying that he only assisted one of the clients in drafting discovery materials and pleadings, and lying under oath that the clients had given him authority to sign and submit documents on their behalf. See id. at

152-53, 184 A.3d at 440-41.[16]   For the same reasons, we concluded that the attorney

violated MARPC 8.4(c).  See Hecht, 459 Md. at 154, 184 A.3d at 441.

In determining the appropriate sanction, we noted four aggravating factors: prior

attorney discipline in the form of an indefinite suspension, a pattern of misconduct,

multiple violations, and substantial experience in the practice of law.  See id. at 157, 184

A.3d at 443.  The attorney's misconduct was mitigated by remorse and restitution to the

clients and we noted that the hearing judge found that the attorney had "made numerous

unsuccessful efforts to get new counsel to represent the [clients] and had a reputation as a

competent and truthful practitioner."  Id. at 158, 184 A.3d at 443-44.  Although we agreed

with Bar Counsel that the attorney's conduct involved fraud, dishonesty, or deceit, and that

such conduct "usually results in disbarment, we conclude[d] there [was] sufficient

mitigation to warrant deviating from disbarment[.]"  Id. at 158, 184 A.3d at 444.  We stated

that the attorney,

> upon being suspended, turned away prospective clients and attempted to
> inform all of his current clients that he was suspended and could no longer
> represent them.   When he discovered that his attempted suspension
> communication to the [clients at issue] had failed, he made the wrong
> decision, predicated on worry and a sense of loyalty for his wife's friends, in
> continuing to act as their attorney while attempting to find alternative counsel
> for them.   When the [clients]' lawsuit was dismissed, [the attorney]
> financially reimbursed them.

Id. at 158, 184 A.3d at 444.

In Attorney Grievance Comm'n v. Sperling, 459 Md. 194, 287, 185 A.3d 76, 130

---

[16]According to the petition for disciplinary or remedial action filed by Bar Counsel
in the case, the attorney gave false testimony in a statement under oath prior to the
disciplinary hearing.

(2018), we continued the indefinite suspension of the attorney discussed in the case above. In this case, the attorney violated MARPC 5.3(d)(3), 8.1(a), 8.4(a), 8.4(c), and 8.4(d) and Maryland Rule 16-609(b). See id. at 287, 185 A.3d at 130. After the attorney had been indefinitely suspended from the practice of law, he remained a signatory on an attorney trust account and continued writing checks on the account. See id. at 253, 185 A.3d at 110. The attorney violated MARPC "8.1(a) by making misrepresentations to Bar Counsel in connection with his efforts to be reinstated" and violated MARPC 8.4(c) "by making false statements to Bar Counsel and to this Court[.]" Id. at 272, 185 A.3d at 121. Among other things, the attorney's false statements consisted of understating the number of checks he had written on or deposited into the trust account. See id. at 273, 185 A.3d at 122. The attorney's misconduct was aggravated by prior attorney discipline—as the attorney had already been indefinitely suspended—multiple violations, the submission of false statements to Bar Counsel during his attempt to attain reinstatement, refusal to acknowledge the wrongfulness of his conduct, and substantial experience in the practice of law. See id. at 276-77, 185 A.3d at 124. We determined that the attorney's misconduct was aggravated by a dishonest motive, explaining:

> Although [the attorney] may not have acted with a "selfish" motive—indeed he did not benefit from any of his misconduct—[the attorney] made a substantial misrepresentation in failing to disclose the number of checks he had deposited or withdrawn. [The attorney]'s extensive communications with Bar Counsel regarding his efforts to be reinstated, and misrepresentations in documents submitted to this Court do not diminish the dishonesty attributable to the misrepresentations in those communications.

Id. at 276-77, 185 A.3d at 124. The attorney's misconduct was mitigated by positive reputation in the community, a cooperative attitude toward the attorney discipline

- 41 -

proceeding, and remorse. See id. at 279-80, 185 A.3d at 126. We noted that the attorney did not misappropriate funds or personally profit from his misconduct in this case. See id. at 280, 185 A.3d at 126.

In concluding that continuing the attorney's indefinite suspension was the appropriate sanction, we stated that, unlike attorneys in other cases who "made repeated misrepresentations about a variety of matters, to both clients and Bar Counsel[,]" the attorney "made a total of three false statements to Bar Counsel." Id. at 282, 185 A.3d at 127. We acknowledged that the "misrepresentations were serious," but concluded that the attorney's conduct was "a far cry" from that of attorneys who had been disbarred and more like that of attorneys who had been indefinitely suspended. Id. at 282, 185 A.3d at 127. We ordered the attorney's continued indefinite suspension and stated that the "suspension, and the underlying conduct, [would] be considered adversely, in addition to the previous suspension and underlying conduct, if" the attorney sought reinstatement. Id. at 282-83, 185 A.3d at 127.

In Steinhorn, 462 Md. at 191, 194, 198 A.3d at 824, 827, we indefinitely suspended, with the right to apply for reinstatement no sooner than six months after the effective date of the suspension, an attorney who violated MARPC 3.3(a)(1), 8.4(a), 8.4(c), and 8.4(d). The attorney violated MARPC 3.3(a)(1) and 8.4(c) by knowingly including false information in complaint forms filed with a trial court in which the attorney failed to separate into different amounts the alleged underlying debt ($6,912) and the amount of attorney's fees ($2,208) and instead represented that the underlying debt was $9,120 (which was the total of the debt and attorney's fees). See id. at 196-97, 198 A.3d at 828.

- 42 -

We held "that when a lawyer, like [the respondent attorney], files a complaint and conceals his or her intent to collect attorney's fees by joining them together with the damages sought, listing one aggregate amount due, that lawyer commits misconduct" in violation of MARPC 8.4(c). Id. at 200, 198 A.3d at 830. The attorney violated MARPC 8.4(d) by failing to inform the trial court that he was collecting attorney's fees, thereby depriving the court of the ability to evaluate the reasonableness of the fees, and by failing to submit any documentation justifying the reasonableness of the fees sought, in contravention of the relevant Maryland Rules. See id. at 201, 198 A.3d at 830-31.

In determining the appropriate sanction, we acknowledged that "[w]e have imposed a range of sanctions for dishonest and deceitful conduct, from reprimand to disbarment, with a suspension (be it definite or indefinite) falling somewhere between the two." Id. at 205, 198 A.3d at 833 (citations omitted). We stated that disbarment is appropriate, "typically as a matter of course, when an attorney is willfully dishonest for personal gain[,]" but that "a reprimand may be appropriate when, among other reasons, there is no specific intent and the charged attorney is either a neophyte who expeditiously admits to misconduct, or lacks a disciplinary record." Id. at 206, 198 A.3d at 833 (citations omitted). In concluding that an indefinite suspension was warranted, we explained:

> Here, neither disbarment nor a reprimand is suitable. On the one hand, [the attorney] did not exhibit a specific intent to deceive. He knowingly submitted inaccurate information to the court, but he did not purposefully do so for personal gain, and no client or the court suffered any palpable harm, rendering disbarment unsuitable. On the other hand, [the attorney] is an experienced attorney, with a prior disbarment. Further, in the present disciplinary action, we have concluded that [the attorney] committed serious violations of the M[A]RPC, rendering a reprimand inadequate. . . . Although [the attorney] may not have acted with a selfish motive or harmed any client,

- 43 -

neither negates the fact that he knowingly submitted false information to the court, which any reasonable attorney with his extensive experience handling debt collection matters would have known to avoid.

Id. at 206-08, 198 A.3d at 833-35 (citations omitted).

In Attorney Grievance Comm'n v. Singh, 464 Md. 645, 674-77, 682, 212 A.3d 888, 906-07, 910 (2019), we suspended for sixty days an attorney who violated numerous MARPC, including MARPC 8.1(a) and 8.4(c), by falsely testifying at a deposition during Bar Counsel's investigation of a client's complaint that his practice was to deposit a client's filing fees into his attorney trust account, transfer the fees to his operating account, and then write a check to the U.S. Citizenship and Immigration Services. Instead, bank records revealed that the attorney's practice was to deposit clients' filing fees directly into his operating account, where they remained until he eventually wrote a check to the U.S. Citizenship and Immigration Services. See id. at 663, 675, 212 A.3d at 899, 906.

Bar Counsel recommended an indefinite suspension. See id. at 678, 212 A.3d at 907. In determining the appropriate sanction, we observed that the hearing judge had noted that there was no evidence that the attorney "misappropriated any client funds or failed to devote client funds to their intended purpose." Id. at 679, 212 A.3d at 908 (footnote omitted). We concluded that a sixty-day suspension was warranted given the absence of client harm, the benefit the attorney provided to the client at issue through his representation, and the important nature of the attorney's practice (serving clients of moderate means in a practice largely dedicated to immigration law). See id. at 681-82, 212 A.3d at 909-10.

In Attorney Grievance Comm'n v. Riely, 471 Md. 458, 495-500, 507, 242 A.3d 206,

228-31, 235 (2020), we indefinitely suspended, with the right to apply for reinstatement no sooner than one year, an attorney who violated MARPC 1.1, 1.3, 1.4, 1.16(d), 4.1(a), 8.1(a), 8.4(a), 8.4(c), and 8.4(d). The attorney represented a client at a meeting with a Department of Homeland Security ("DHS") agent and told the agent that he did not understand why the agent could not find a receipt number for a visa extension filing on behalf of the client and that he would later document the filing for the agent. See id. at 497, 242 A.3d at 229. At the time, the attorney knew that he had not made such a filing on the client's behalf, and that "[w]hether he had made such a filing was a fact material to her effort to renew her H-1B visa, as well as to the removal proceedings that had been initiated by DHS." Id. at 497-98, 242 A.3d at 229 (footnote omitted). In addition, the attorney misled a client about efforts made on her behalf in the immigration case and made false statements in a letter to Bar Counsel about the case.[17] See Riely, 471 Md. at 298, 242 A.3d at 230. We concluded that the attorney's misrepresentations to the DHS agent and to Bar Counsel constituted violations of MARPC 8.4(c). See id. at 498-99, 242 A.3d at 230.

In determining the appropriate sanction, we noted that the attorney "apparently did

---

[17]In a letter to Bar Counsel, the attorney advised that, when asked by the client whether he had received funds from her employer to pay the filing fees required by the U.S. Citizenship and Immigration Services related to the extension of the client's H-1B visa, he told the client no. See Riely, 471 Md. at 498, 242 A.3d at 230. The correspondence between the attorney and client did not support such a statement as, in actuality, the attorney sent the invoice for the fees to an incorrect address. See id. at 298, 242 A.3d at 230. Although the attorney did not receive a check for the filing fees, he never advised the client or her employer of this. See id. at 498, 242 A.3d at 230. Instead, the attorney misled the client into believing "that he had made the requisite filings (and thus presumably had received funds for the filing fees)[.]" Id. at 498, 242 A.3d at 230. As such, the attorney's knowingly false statement in the letter to Bar Counsel was a violation of MARPC 8.1(a). See id. at 498, 242 A.3d at 230.

not profit financially from either of the[] representations" at issue.  Id. at 502, 242 A.3d at 232 (footnote omitted).  We concluded that the attorney displayed a selfish or dishonest motive with respect to the violations involving misrepresentations.  See id. at 502, 242 A.3d at 232.  We stated that the attorney's misconduct involved the attorney "misleading not only his client but also an immigration enforcement agent and ultimately Bar Counsel" and that such "misleading statements amount[ed] to misrepresentations" that we could not ignore in determining the appropriate sanction.  Id. at 505, 242 A.3d at 234.

> That said, we explained that, although the attorney's misconduct was serious, it
>
> was not motivated by a lawyer's decision to profit at the expense of his clients, but began as a failure to attend to the details of the matters he had agreed to undertake on behalf of those clients and, most seriously, his effort to minimize and conceal his own mistakes in that regard.

Id. at 505, 242 A.3d at 234.  We also stated that we could not ignore the attorney's long and distinguished career in immigration law.  See id. at 505, 242 A.3d at 234.  We concluded that an indefinite suspension with the right to apply for reinstatement no sooner than one year was appropriate given various mitigating factors present.  See id. at 506-07, 242 A.3d at 234-35.

In Attorney Grievance Comm'n v. Keating, 471 Md. 614, 648-50, 653, 243 A.3d 520, 541-42, 544 (2020), we indefinitely suspended, with the right to reapply in six months, an attorney who violated MARPC 3.3(a)(1), 8.4(a), 8.4(b), 8.4(c), and 8.4(d).  The attorney submitted a client's will for probate to the Register of Wills despite knowing that the will was not witnessed by at least two witnesses as required by law.  See id. at 636, 243 A.3d at 534.  The attorney falsely represented that she had witnessed the will when she had

- 46 -

signed the will as the second witness a month after the client's death. See id. at 628, 636-37, 243 A.3d at 529, 534. We concluded that the attorney made knowingly false statements to the Orphans' Court by submitting the will without the proper number of attesting witnesses, that the misrepresentation was made under penalty of perjury, and that the attorney's "criminal and fraudulent submission of an improperly attested will to probate court constitute[d] violations of [MARPC ]8.4(a), (b), (c), and (d)." Id. at 650, 243 A.3d at 542. We determined that the attorney's misconduct was aggravated by illegal conduct, as she "knowingly engaged in illegal conduct when she submitted the falsely attested [] will for probate" in violation of Md. Code Ann., Est. & Trusts (1974, 2017 Repl. Vol.) ("ET") §§ 4-102 and 5-206.[18] Keating, 471 Md. at 639, 243 A.3d at 535-36.

Nonetheless, we concluded that an indefinite suspension with a six-month sit-out period was appropriate and explained that we declined to impose disbarment due to the attorney's "genuine attempt to further the client's wishes, absence of prior discipline and high moral character." Id. at 653, 243 A.3d at 544. We determined that the attorney did not violate the MARPC "to enrich herself, but [rather] to execute the final wishes of her client[,]" and that she demonstrated loyalty to her client and his estate, "which counsel[ed] against disbarment[.]" Id. at 653-54, 243 A.3d at 544. We stated that an indefinite suspension with a sit-out period of six months "balance[d] the mitigating factors present []

---

[18]Under ET § 4-102(b)(3), with limited exceptions, two or more witnesses must attest to and sign the will in the presence of the testator. ET § 5-206 sets forth the form of the petition for probate, which requires an affirmation under the penalties of perjury that the contents of the petition are true to the best of the attestor's knowledge, information, and belief.

with the serious violation of dishonesty before a tribunal." Id. at 654, 243 A.3d at 544-45.[19]

Recently, in Attorney Grievance Comm'n v. Johnson, 472 Md. 491, 502-03, 533-46, 247 A.3d 767, 774, 792-99 (2021), we indefinitely suspended, with the right to reapply after one year, an attorney who violated MARPC 1.1, 1.4(a), 1.4(b), 1.15(a), 1.15(b), 1.15(d), 8.4(a), 8.4(c), and 8.4(d) and Maryland Rules related to the proper maintenance of attorney trust accounts and client funds. The attorney opened an attorney trust account and funds were misappropriated from the account. See id. at 502, 247 A.3d at 774. The attorney alleged that his nephew, a non-attorney employee, began misappropriating client funds from the trust account with the intent to commit theft. See id. at 502, 247 A.3d at 774. "The misappropriation of funds from [the attorney]'s [] trust account set off a wide-ranging pattern of misconduct spanning twenty-one personal injury clients." Id. at 502, 247 A.3d at 774. In particular, the attorney violated MARPC 8.4(c) on multiple occasions by making misrepresentations to clients concerning matters such as the amount of settlement proceeds to which a client was entitled and the status of a client's settlement funds. See id. at 542-43, 247 A.3d at 797-98.

We stated that, although the attorney "may not have misappropriated funds on his own accord, he acted in a deceitful manner by selfishly lying to his clients to prolong the time in which he had to remit their settlement funds." Id. at 547-48, 247 A.3d at 801. We

_____

[19]In Keating, 471 Md. at 652, 243 A.3d at 543, we determined that the attorney's misconduct was mitigated by the absence of prior attorney discipline, full and free disclosure to the Commission and a cooperative attitude towards the proceedings, good character and reputation, and unlikelihood of repetition of the misconduct.

concluded that, in cases involving misappropriation of client funds, disbarment is warranted absent compelling extenuating circumstances justifying a lesser sanction, but that, "where there is no finding of intentional misappropriation and where the misconduct did not result in financial loss to any of the attorney's clients, an indefinite suspension ordinarily is the appropriate sanction." Id. at 550, 247 A.3d at 802 (cleaned up).

**Principles Developed**

Given this long line of cases in which we have not imposed the sanction of disbarment, it is time to expressly recognize that our holding in Vanderlinde no longer exclusively sets the standard for imposition of the sanction in cases involving intentional dishonesty. As these cases readily demonstrate, in numerous attorney disciplinary cases involving intentional dishonesty under MARPC 8.4(c) and knowingly making false statements under MARPC 3.3(a)(1) and 8.1(a), we have not imposed a sanction of disbarment and have not found the existence of compelling extenuating circumstances to be the "root cause" of the misconduct at issue to warrant a lesser sanction or even considered the matter. In other words, these cases demonstrate that we have not in cases involving intentional dishonest conduct consistently applied our holding in Vanderlinde and required compelling extenuating circumstances to justify a sanction less than disbarment.

What can be gleaned from the sanctions imposed in cases involving intentional dishonesty post-Vanderlinde in recent years, is that, increasingly, we have not imposed the sanction of disbarment where the dishonest conduct at issue does not involve theft, fraud, harm to a client or third party, or the intentional misappropriation of funds. We have on

multiple occasions imposed a sanction less than disbarment in cases involving intentional dishonest conduct where there was no theft or intentional misappropriation of funds by the attorney, the attorney had not benefitted or profited from the misconduct, and no client had been harmed. Going forward, it is clear that cases involving dishonesty and knowingly made false statements will be assessed on an individual basis to determine whether the misconduct at issue gives rise to deployment of the standard set forth in Vanderlinde, namely, whether compelling extenuating circumstances that are the "root cause" of the misconduct are required to warrant a sanction less than disbarment.

### Sanction in this Case

With this in mind, we conclude that an indefinite suspension is the appropriate sanction for Collins's misconduct. Although Collins made statements that were determined to be knowingly false and intentionally dishonest, we are not persuaded that disbarment is warranted. Collins was found, among other things, to have falsely advised this Court and Bar Counsel that she did not receive the Irving complaint, but Bar Counsel ultimately dismissed the allegations in the petition for disciplinary or remedial action pertaining to the complaint. The Irving complaint stemmed from litigation in which Collins had represented an opposing party in a child custody matter and consisted of the complainant's version alone of a telephone conversation with Collins. Collins's misrepresentations with respect to not having received the Irving complaint did not cause injury to a client or involve theft or misuse of funds.

Although it was reasonable for the hearing judge to determine that Collins received Bar Counsel's e-mails and letters concerning the Irving complaint, this is not one of the

most egregious cases of an attorney being found to have knowingly made false statements to the Court or to Bar Counsel. Giving effect to the hearing judge's findings of fact—which are supported by the exhibits admitted into evidence—means that Collins received Bar Counsel's correspondence (both e-mails and mailed letters) about the Irving complaint, and nonetheless filed a petition for reinstatement, advising the Court that there were no complaints pending against her, while knowing that Bar Counsel had notified her otherwise. This misconduct is as perplexing and inexplicable as it was dishonest. Although this case involves the making of false statements, Collins's misconduct in not acknowledging receipt of the Irving complaint is more akin to that of the attorney in Attorney Grievance Comm'n v. Butler, 441 Md. 352, 361, 107 A.3d 1220, 1226 (2015), who "seemingly 'stuck his head in the sand'" and did not promptly respond to correspondence from Bar Counsel, "apparently out of an irrational fear of Bar Counsel."

Insofar as Collins's false statements as to her compliance with Maryland Rule 19-742 are concerned, Maryland Rule 19-741(i) (formerly Maryland Rule 19-742(i)) gives Bar Counsel the authority to bring a petition for disciplinary or remedial action and seek an injunction or order of contempt for non-compliance with the Rule. Under Maryland Rule 19-741(c)(3)(C), a suspended or disbarred attorney must file with Bar Counsel within thirty days of the effective date of the order of discipline an affidavit that states, among other things, the manner in which the attorney complied with an order of suspension and the Rule. A suspended or disbarred attorney is required to submit an affidavit to Bar Counsel under Maryland Rule 19-741(c)(3)(C) even if the attorney believes that the attorney has no clients for which any action was required to be taken under the Rule.

From our perspective, one of the primary purposes of the grant of authority to Bar Counsel to bring a petition for disciplinary or remedial action for violation of Maryland Rule 19-741 is to prevent an attorney who is suspended from the practice of law from engaging in additional conduct that may be harmful to the public such as the unauthorized practice of law, the failure to timely notify clients of a suspension, or other behavior. In this case, the hearing judge made no findings with respect to any conduct by Collins constituting the unauthorized practice of law or as to any clients whom Collins failed to notify pursuant to Maryland Rule 19-742 (now Maryland Rule 19-741) of her suspension. As with Collins's misrepresentation about not receiving the Irving complaint, there is no evidence that any client was harmed. And, as with Collins's representation about not receiving the Irving complaint, Collins's false statement about having complied with Maryland Rule 19-742 was as obviously untrue and inexplicable as it was knowingly false.

Insofar as a sanction for a violation of MARPC 8.4(b) is concerned, in various instances, we have imposed a sanction less than disbarment. In <u>Attorney Grievance Comm'n v. Tanko</u>, 427 Md. 15, 50, 53, 55, 45 A.3d 281, 302, 304-05 (2012), although Bar Counsel recommended disbarment, we indefinitely suspended an attorney who violated MARPC 1.1, 1.4, 1.15(a) and (c), 5.5(a) and (b), 8.1(b), and 8.4(a), (b), and (d). The attorney violated MARPC 8.4(b) by continuing to represent clients after this Court had suspended him for sixty days, thereby engaging in the unauthorized practice of law, a criminal act that reflected adversely on the attorney's honesty, trustworthiness, or fitness as an attorney in other respects. <u>See id.</u> at 21, 47, 45 A.3d at 285, 300. In <u>Attorney Grievance Comm'n v. Eckel</u>, 443 Md. 75, 89, 92, 115 A.3d 142, 150, 152 (2015), this

Court indefinitely suspended an attorney who violated MARPC 8.4(b) by being convicted of second-degree assault, fourth-degree sexual offense, and false imprisonment.[20]

In addition, in some instances of an attorney failing to file income tax returns, we have not imposed a sanction of disbarment. In <u>Attorney Grievance Comm'n v. O'Toole</u>, 379 Md. 595, 614, 618, 843 A.2d 50, 61, 64 (2004), we suspended for thirty days an attorney who violated MARPC "8.4(b) and 8.4(d) for failing to file Maryland withholding returns and for failing to file federal and state income tax returns." In <u>Attorney Grievance Comm'n v. Atkinson</u>, 357 Md. 646, 655-56, 659, 745 A.2d 1086, 1091, 1093 (2000), we indefinitely suspended, with the right to reapply after the expiration of one year, an attorney who violated MARPC 8.4(b), (c), and (d) by failing to file tax returns for a period spanning over ten years. We concluded that this was "not a minor criminal offense, [was] a dishonest act, and reflect[ed] adversely on a lawyer's honesty, trustworthiness and fitness to practice law[,]" and that the attorney's "failure to fulfill her income tax duties constituted a violation of [MARPC] 8.4(c)." <u>Id.</u> at 655-56, 745 A.2d at 1091.

In this case, we conclude that, although Collins was found to have engaged in intentional dishonest conduct by making obvious and inexplicably false statements in a petition for reinstatement and by failing to acknowledge correspondence from Bar Counsel concerning a complaint that was ultimately dismissed, given the nature of the violations of the MARPC, the lack of harm to any client, and the circumstance that the case does not involve theft, misappropriation of client funds, or other pecuniary benefit to Collins, the

---

[20]In <u>Eckel</u>, 443 Md. at 89, 115 A.3d at 150, Bar Counsel requested that this Court impose an indefinite suspension, *i.e.*, Bar Counsel did not recommend disbarment.

appropriate sanction for Collins's misconduct is an indefinite suspension.  Considering the nature and circumstances of the false statements, as well as recent case law in which we have not consistently imposed the sanction of disbarment for misconduct involving intentional dishonesty, and that we now expressly recognize that the Vanderlinde standard is not implicated in all instances of intentional dishonesty, Collins's misconduct does not warrant disbarment.  Collins's misconduct did not involve circumstances for which we have generally applied the Vanderlinde standard, for instance, theft, fraud, intentional misappropriation, or harm to a client.  Indeed, Collins's misconduct has resulted in harm only to herself.

For all of the reasons set forth herein, we indefinitely suspend Collins from the practice of law in Maryland.  The suspension will be effective immediately.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST NATALIE THRYPHENIA COLLINS.**