| | | |
|---|---|---|
| **ATTORNEY GRIEVANCE COMMISSION** | \* | **IN THE** |
| **OF MARYLAND** | | |
| | \* | **COURT OF APPEALS** |
| | \* | **OF MARYLAND** |
| **v.** | | |
| | \* | **Misc. Docket AG No. 9** |
| **DAVID OLLIE CAPLAN** | \* | **September Term, 2022** |

## ORDER

**WHEREAS**, on July 5, 2022, Petitioner filed a Petition for Disciplinary or Remedial Action, alleging that Respondent violated Arizona Rule of Professional Conduct 8.4(c) ("It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or mispresentation[.]") and Arizona Rule 43(a) of the Rules of the Supreme Court of Arizona concerning trust accounts and alleging that Respondent, as part of an Agreement for Discipline by Consent, stipulated that he engaged in conduct in violation of Arizona Rule of Professional Conduct 8.4(c) and Rule 43(a) of the Rules of the Supreme Court of Arizona and received a four-year suspension from the practice of law in Arizona,

**WHEREAS**, Petitioner has alleged that, under Maryland Rule 19-737(e), exceptional circumstances exist warranting substantially different discipline in this State, namely, disbarment,

**WHEREAS**, on July 6, 2022, this Court issued a Show Cause Order, directing Respondent to show cause in writing on or before August 22, 2022 based on the grounds set forth in Maryland Rule 19-737(e) why corresponding discipline should not be imposed,

**WHEREAS**, Bar Counsel, on behalf of Petitioner, filed an Affidavit of Service averring that Respondent was served with the Petition for Disciplinary or Remedial Action and Show Cause Order on July 11, 2022,

**WHEREAS**, Respondent failed to respond to the Show Cause Order issued on July 6, 2022,

**WHEREAS**, on August 17, 2022, Bar Counsel filed Petitioner's Response to Show Cause Order, requesting that Respondent be disbarred,

**WHEREAS**, on August 25, 2022, this Court issued a second Show Cause Order, specifically directing Respondent to show cause in writing on or before September 9, 2022 why his conduct does not warrant imposition of substantially different discipline in this State than that imposed in Arizona, namely the sanction of disbarment,

**WHEREAS**, Bar Counsel, on behalf of Petitioner, filed an Affidavit of Service averring that Respondent was served with the Petition for Disciplinary or Remedial Action and Show Cause Order of August 25, 2022, on August 29, 2022,

**WHEREAS**, Respondent failed to respond to the Show Cause Order of August 25, 2022,

**WHEREAS**, Respondent entered into an Agreement of Discipline by Consent with the State Bar of Arizona, which Respondent signed, in which Respondent conditionally admitted that his conduct violated Arizona Rule of Professional Conduct 8.4(c) and Arizona Rule 43(a), in exchange for the imposition of a four-year suspension from the practice of law in Arizona upon acceptance of the Agreement,

**WHEREAS**, the Agreement of Discipline by Consent contained a statement of facts describing the underlying conduct, namely, that between 2015 and 2019, Respondent received funds totaling $51,760 paid to him by a client for fees associated with forty-six patent applications, but then failed to remit payment in those cases to the United States Patent and Trademark Office and instead transferred the funds to personal checking and savings accounts; Respondent failed to notify the client of his failure to make the necessary payments and in some instances falsely indicated to the client that the fees were paid; Respondent's failure to remit payment to the United States Patent and Trademark Office resulted in several of the client's patent applications being deemed abandoned; Respondent did not timely notify the client of the abandonments and his failure to make the necessary payments; and Respondent failed to maintain a general ledger, administrative funds ledger, duplicate deposit records, and monthly reconciliations for his trust account,

**WHEREAS**, the Agreement for Discipline by Consent was filed on February 9, 2022 with the Presiding Disciplinary Judge, who issued a "Decision Accepting Agreement for Discipline by Consent" on February 11, 2022, which incorporated by reference the factual basis in support of the conditional admissions contained in the Agreement,

**WHEREAS**, in the Decision, based on the statement of facts in the Agreement, the Presiding Disciplinary Judge found that: in forty-six cases, Respondent received funds from the client for fees to be paid to the United States Patent and Trademark Office but failed to make the necessary payments, resulting in patent applications being deemed abandoned; Respondent did not timely advise the client of the abandonments or of his failure to make necessary payments; Respondent commingled funds he received from the client with his business and personal funds and failed to adhere to rules and guidelines governing client trust accounts; and Respondent falsely represented to the State Bar of Arizona that he maintained professional liability insurance when in actuality he had been uninsured since 2016,

**WHEREAS**, in the Decision Accepting Agreement for Discipline by Consent, the Presiding Disciplinary Judge noted that Respondent admitted to violating Arizona Rule of Professional Conduct 8.4(c) and Arizona Rule 43(a), and on the same day, February 11, 2022, stated that "[a] strong argument can be made that disbarment is the more appropriate sanction given the knowing nature of Mr. Caplan's misconduct[,]"

**WHEREAS**, the Presiding Disciplinary Judge issued a Final Judgment and Order, suspending Respondent from the practice of law in Arizona for four years,

**WHEREAS**, under Maryland case law, namely, Attorney Grievance Comm'n v. Vanderlinde, 364 Md. 376, 413-19, 773 A.2d 463, 485-88 (2001), and Attorney Grievance Comm'n v. Collins, 477 Md. 482, 529-30, 270 A.3d 917, 945-46 (2022), it is well

established that the sanction of disbarment is warranted where the dishonest conduct at issue involves theft, fraud, harm to a client or third party, or the intentional misappropriation of funds,

**WHEREAS**, under Maryland Rule 19-737(e), we conclude by clear and convincing evidence that exceptional circumstances exist, namely, that the imposition of corresponding discipline would result in a grave injustice and the conduct established warrants substantially different discipline in this State,

Accordingly, it is this 13th day of September, 2022,

**ORDERED**, by the Court of Appeals of Maryland, that Petitioner's request that Respondent be disbarred from the practice of law is GRANTED; and it is further

**ORDERED**, that the Respondent, David Ollie Caplan, be, and hereby is, disbarred, effective immediately, from the practice of law in the State of Maryland; and it is further

**ORDERED**, that the Clerk of this Court shall remove the name of David Ollie Caplan from the register of attorneys, and pursuant to Maryland Rule 19-761(b), shall certify that fact to the Trustees of the Client Protection Fund and the Clerks of all judicial tribunals in this State.

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Suzanne C. Johnson, Clerk

/s/ Matthew J. Fader
Chief Judge