**IN THE MATTER OF THE PETITION**    *    **IN THE**
**FOR REINSTATEMENT OF**
**MATTHEW EVAN FOX TO THE**      *    **COURT OF APPEALS**
**BAR OF MARYLAND**

                                                     *    **OF MARYLAND**

                                                     *    **Misc. Docket AG No. 11**

                                                     *    **September Term, 2022**

## CORRECTED ORDER

Upon consideration of the Verified Petition for Reinstatement filed by Matthew Evan Fox, Petitioner, on July 22, 2022, and the Response to Verified Petition for Reinstatement filed by Bar Counsel on September 21, 2022,

**WHEREAS**, by Order entered December 4, 2013, this Court indefinitely suspended Matthew E. Fox, Petitioner, by consent;

**WHEREAS**, in the Response to Verified Petition for Reinstatement, Bar Counsel objected to Petitioner's reinstatement on the grounds that: (1) Petitioner allegedly made a false statement in the Petition by stating he had complied with the requirements of Maryland Rule 19-741 when at the time of his suspension, almost nine years ago, Petitioner had failed to submit to Bar Counsel the affidavit required under Maryland Rule 16-760 (the earlier version of Rule 19-741); (2) Petitioner failed to timely file income tax returns for tax years 2015-2018 (having filed the income tax returns in 2020); and (3) Petitioner had failed to demonstrate that he has kept informed about recent developments in the law and that he is competent to practice law as required under Maryland Rule 19-752(h)(2)(G);

**WHEREAS**, Bar Counsel states that Petitioner's alleged false statement with respect to submission of an affidavit could form the basis of additional violations of the Maryland Attorneys' Rules of Professional Conduct and cites <u>Attorney Grievance Comm'n v. Collins</u>, 477 Md. 482, 499-500, 270 A.3d 917, 927-28 (2022) as "concluding attorney who falsely stated in her petition for reinstatement that she had complied with then-Rule 19-742, despite knowing that she had not filed the required affidavit, violated Rule 3.1(a)(1) and 8.4(a)-(d) of the Maryland Attorneys' Rules of Professional Conduct";

**WHEREAS**, in <u>Collins</u>, 477 Md. at 499, 501, 270 A.3d at 927, 928, although this Court determined that the hearing judge's conclusion that Collin's statement in a petition for reinstatement that she had complied with Maryland Rule 19-742 "was knowingly and intentionally false" and therefore a violation of MARPC 3.3(a)(1) and 8.4(c) was supported by the record, this Court observed that "Collins's testimony in mitigation [did] not foreclose the possibility that she was, as she indicated, confused about the requirements of Maryland Rule 19-742 and of the opinion that she was not required to submit to Bar Counsel information under Maryland Rule 19-742[,]" and that "Collins was precluded from giving testimony as to the merits in her own defense";

**WHEREAS**, in <u>Collins</u>, 477 Md. at 499, 270 A.3d at 927, this Court cautioned Bar Counsel that, "[i]n determining whether to seek the Commission's authorization for the filing of a petition for disciplinary or remedial action alleging that an attorney has knowingly made a false statement in connection with a petition for reinstatement, Bar Counsel must be watchful for cases in which attorneys are doing nothing more than filing

a petition for reinstatement and stating their views with respect to having satisfied all of the necessary prerequisites as opposed to attorneys who are knowingly making false statements in a petition for reinstatement";

**WHEREAS**, under the circumstances, we do not find the statement sufficient to form the basis of a valid objection to Petitioner's reinstatement to the Bar or the basis of an additional violation of the Maryland Attorneys' Rules of Professional Conduct;

**WHEREAS**, in the Response, with respect to Petitioner's income tax filings, Bar Counsel acknowledges that, "[i]n March 2020, the Petitioner entered into an Installment Agreement with the Internal Revenue Service (IRS) for payment of $33,550.46 in taxes, interest and penalties owed for tax years 2012- 2018. The Petitioner has complied with the Installment Agreement. Also in March 2020, the Petitioner entered into a Payment Agreement with the Maryland Comptroller for payment of $6,6[]81.34 in taxes, interest and penalties owed for tax years 2012-2017. The Petitioner has complied with, and fully satisfied, the Payment Agreement[,]" and states that "[t]he Petitioner timely filed his 2019-2022 income tax returns";

**WHEREAS**, Bar Counsel "recommends that, if this Court grants the Petition for Reinstatement, given the length of time since the Petitioner's suspension, the Court order that, as a condition of reinstatement, the Petitioner (1) pass the Uniform Bar Examination or successfully complete the Maryland Law Component required for admission to the Maryland Bar; and (2) take the Multistate Professional Responsibility Examination and

earn a score that meets or exceeds the passing score in Maryland established by the Board of Law Examiners";

**WHEREAS**, in the Petition, Petitioner avers that he has worked as a paralegal, recently completed 40-hour mediation training pursuant to Maryland Rule 17-104 and 20-hour child access mediation training, and kept abreast of the current laws and trends in the practice of law;

**WHEREAS**, this Court is not persuaded by Bar Counsel's objections and declines to impose the aforementioned recommended condition of reinstatement;

Accordingly, it is this 6th day of October, 2022,

**ORDERED**, by the Court of Appeals of Maryland, that the petition is GRANTED; and it is further

**ORDERED**, that Matthew Evan Fox is reinstated as a member of the Bar of Maryland; and it is further

**ORDERED**, that the Clerk of the Court shall replace the name Matthew Evan Fox upon the register of attorneys entitled to practice law in this State and certify that fact to the Trustees of the Client Protection Fund and the clerks of all judicial tribunals in this State.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

/s/ Matthew J. Fader
Chief Judge

Gregory Hilton, Clerk

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/coa/11a22ag.pdf